UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-81417-Ryshamp/Hopkins

JUAL MOSLEY,

    Plaintiff,

v.

MOBILE AIRCRAFT SERVICES LLC,
TODD SABO,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS'
FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, NINTH,
ELEVENTH, TWELFTH, THIRTEENTH, AND FOURTEENTH
AFFIRMATIVE DEFENSES AND REQUEST FOR ATTORNEY'S FEES**

Plaintiff, Jual Mosley, by and through the undersigned counsel, pursuant to Fed. R. Civ. P. 12(f), hereby files this motion strike Defendants' First, Second, Third, Fourth, Fifth, Sixth, Ninth, Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses and Defendants' request for attorney's fees and in support thereof states the following:

**INTRODUCTION**

On March 21, 2013, Defendants filed their **Answer and Affirmative Defenses to Plaintiff's Second Amended Complaint [DE 13]** (the "Answer"). Defendant's First, Second, Third, Fourth, Fifth, Sixth, Ninth, Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses are (1) legally insufficient because they fail to provide Mr. Mosley with notice of the grounds upon which they rest or (2) are not recognized affirmative defenses to actions under the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq. As such, Mr. Mosley respectfully requests that this Court enter an Order striking these affirmative defenses.

## LAW

### I. Standard for Striking Affirmative Defenses

"Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure." Heller Financial, Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989) (citation omitted).

> Federal Rule of Civil Procedure 12(f) authorizes this Court to strike defenses from a pleading which are insufficient as a matter of law. Those defenses which are insufficient as a matter of law should be stricken 'in order to avoid unnecessary time and money in litigating invalid and spurious issues.' Anchor Hocking Corp. v. Jacksonville Elec. Auth., 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

Lafayette Corp., Ltd v. Bank of Boston Int'l South & Algemene Bank Nederland, N.V., 723 F. Supp. 1461, 1466 (S.D. Fla. 1989).[1]

"[C]ourts have recognized that such motions may serve to hasten resolution of cases by eliminating the need for discovery, which in turn saves time and litigation expenses." FDIC v. Modular Homes, Inc., 589 F.Supp. 117, 120 (D.N.J. 1994). "If the determination of invalidity can be made at an early stage it will enable the parties to proceed with the litigation in the proper posture." Owens v. Unum Life ins. Co., 285 F. Supp. 2d 778, 780 (E.D. Tex. 2003)(citation omitted).

Moreover, "affirmative defenses must meet the pleading requirements of Fed. R. Civ. P. (8)(a)." Flasza v. TNT Holland Motor Express, Inc., 155 F.R.D. 612, 613 (N.D. Ill. 1994) (citing Heller, 883 F.2d at 1294). "Accordingly, affirmative defenses must set forth a 'short and plain statement' of the defense asserted." Id. (citing Heller, 883 F.2d at 1294; Fed. R. Civ. p. 8(a)). "If

---

[1] *See also* Heller, 883 F.2d at 1294 ("Midwhey places great reliance on the general rule that motions to strike are disfavored. … But where, as here, motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay.")

an affirmative defense is insufficient on its face, or comprises no more than 'bare bones conclusory allegations,' it must be stricken." Id. at 613-14 (citing Heller, 883 F.2d at 1294-95). See also Modular Homes, Inc., 859 F. Supp. at 121 (citations omitted) ("Defenses that are 'nothing but bare bones conclusory allegations' can be stricken.")

To satisfy Rule 8, each defense must be pled with sufficient detail to alert the plaintiff of the conduct which the defense purports to challenge, and to allow the Court to test the legal merits of the defense. See Conley v. Gibson, 355 U.S. 41, 47 (1957) (pleading must provide the opposing party fair notice of what the legal claim embodied therein is, and of the grounds upon which it rests); Fullman v. Graddick, 739 F.2d 553, 556 (11th Cir. 1984) (quoting 2A J. Moore & J. Lucas, Moore's Federal Practice para. 8.13 at 8-118 (2 ed. 1984)) ("[S]ufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.")

## II. Defendants' First, Second, Third, Fourth, Fifth, Sixth, Ninth, Eleventh, Twelfth, Thirteenth, And Fourteenth Fail to Provide Fair Notice

### A. First Affirmative Defense (Denial) should be stricken

Defendants' First Affirmative Defense[2] is improper and should be stricken because it is not an affirmative defense but, instead, a denial of an allegation in the Complaint. See In re Rawson Food Service, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988)("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.").

---

[2] "Plaintiff did not, in fact, work any overtime as alleged in this Complaint and therefore is not entitled to bring this action in the same as frivolous and without basis."

### B.  Second Affirmative Defense (Failure to State Claim) should be stricken

Defendants' Second Affirmative Defense, failure to state a claim upon which relief can be granted,[3] is insufficient and should be stricken because it provides only a bare-bones statement of law[4] and fails to provide fair notice of the grounds upon which it rests. Specifically, the affirmative defense provides no basis and no additional facts by which Mr. Mosley, or the Court, may determine whether Mr. Mosley has, in fact, failed to state a claim upon which relief may be granted. See Torres v. TPUSA, Inc., 2009 WL 764466, at *1 (M.D. Fla. 2009) (striking defense of failure to state a claim for failing to provide a plausible basis for the defense). The defense is, in fact, no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Mr. Mosley of the deficiencies in the Complaint. Merrill Lynch Bus. Fin. Servs., Inc. v. Performance Machine Sys. U.S.A., Inc., 2005 WL 975773, at *11 (S.D. Fla. 2005) (noting that while motions to strike are generally disfavored, "affirmative defenses are subject to the general pleading requirements of Rule 8(a) … and will be stricken if they fail to recite more than bare-bones conclusory allegations").

### C.  Third and Fourth Affirmative Defenses (Good Faith) should be stricken

Defendants' Third[5] and Fourth[6] Affirmative Defenses are improper and should be stricken because they are duplicative and are nothing more than blanket assertions that Defendants

---

[3] "The Complaint in whole or in part fails to state a claim upon which relief can be granted."
[4] Some courts hold that this defense is a valid affirmative defense, while others hold that it is merely a specific denial. *Compare Torres v. TPUSA, Inc.*, 2009 WL 674466, at *1 (M.D. Fla. 2009) ("the Court does not doubt that [failure to state a claim] is an affirmative defense") *with Bluewater Trading LLC v. Willmar USA, Inc.*, 2008 WL 4179861 at *2 (S.D. Fla. 2008) (holding that defense merely alleges a defect in plaintiff's *prima facie* case and is thus a denial rather than an affirmative defense). As such, to the extent this Court holds that Defendant's First Affirmative Defense is actually an affirmative defense, rather than a mere denial, it should be stricken for the reasons stated herein.
[5] "Plaintiff's claims are barred in whole or in part on the grounds that, in the event that violations of the Fair Labor Standards Act did occur, which they did not, the DEFENDANTS' action were taken in good faith and were neither willful nor reckless."
[6] "Plaintiff's claims are barred on the ground that pursuant to 29 USC § 258(a) and 259 (a), DEFENDANTS in good faith acted in conformity within reliance upon written administrative regulations regarding the acts and omissions alleged in the complaint."

performed in good faith and upon reasonable grounds without identifying what was relied upon or the practices believed to be in compliance with the FLSA. Defendants do not state what "written administrative regulations" Defendants relied upon. The Court in <u>Cano v. S. Florida Donuts, Inc.</u>, 09-81248-CIV-RYSKAMP, 2010 WL 326052 (S.D. Fla. Jan. 21, 2010) struck a similar affirmative defense:

> Defendants' Seventh affirmative defense states: "Defendant asserts upon information and belief that all actions taken by Defendant were performed in good faith and based upon reasonable grounds, wherein Defendant believed the practices to be in full compliance with all applicable laws. Plaintiffs are not entitled to liquidated damages under the applicable law." (Ans.¶ 61.) Defendants assert a blanket conclusion that they performed in good faith and upon reasonable grounds **without identifying what was relied upon or the practices believed to be in compliance with the FLSA**. In *Morrison,* 434 F.Supp.2d at 1321, the court found a similar affirmative defense insufficient. That defense stated: "Plaintiff is not entitled to liquidated damages because Defendants did not wilfully or otherwise violate the law; and, if any violation is established, Defendants had a good faith belief that they were in compliance with the law." *Morrison* struck the defense: "[i]t is not entirely apparent [what] Defendants are attempting to assert ... [since they] failed to allege any facts whatsoever to support this defense." *Id.* Defendants have similarly failed to plead any facts to support this affirmative defense. Accordingly, this defense is stricken with leave to amend.

<u>Id.</u> Emphasis added.

### D. Fifth Affirmative Defense (Set-off) should be stricken

Defendants' Fifth Affirmative Defense[7] is factually insufficient under Fed. R. Civ. P. 8 and the cases of <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009) because it is a bare-bones allegation devoid of supporting facts such as what specific money Defendants have paid that they are intending to claim as a set off. Not all set-offs are permissible under the FLSA and this affirmative defense does not specify what specific set-off it is intending

---

[7] "Any amounts due to Plaintiff should be set off by amounts paid by DEFENDANTS."

to claim. The court in Romero v. S. Waste Sys., LLC, 619 F. Supp. 2d 1356 (S.D. Fla. 2009) found a similar set-off defense improper:

> The Tenth Affirmative Defense states that "Defendant is entitled to a credit/set-off for any compensation paid to Plaintiff to which he was not otherwise entitled to the extent such credits/set-off are permissible under the FLSA." Plaintiff claims that this defense is conclusory in that it fails to allege any facts in support of any sort of set-off. Certain set-off defenses are allowable under the FLSA. Brennan v. Heard, 491 F.2d 1, 4 (5th Cir.1974), for instance, permits district courts to apply a set-off where the set-off would not reduce a plaintiff's wages to an amount below the statutory minimum. Not all set-offs are permissible, however. This Court has previously ruled that "amounts loaned by an employer to an employee" "cannot be applied to offset unpaid wages [under the FLSA]." *Morrison,* 434 F.Supp.2d at 1322 (citing *Donovan v. Pointon,* 717 F.2d 1320, 1323 (10th Cir.1983)). *See also Hutton v. Grumpie's Pizza & Subs, Inc.,* Case No. 07-81228-CIV-MIDDLEBROOKS, 2008 WL 1995091, *4 (S.D.Fla. May 7, 2008) (holding that a set-off defense for money employee allegedly stole from employer was inappropriate in FLSA). The Tenth Affirmative Defense does not state what, if any, compensation Plaintiff received to which he was not otherwise entitled, much less the nature of this compensation. The Tenth Affirmative Defense is stricken, but Defendant shall have leave to amend same.

Id. at 1359. Footnotes omitted.

### E. Sixth Affirmative Defense (Statute of Limitations) should be stricken

Defendants' Sixth Affirmative Defense[8] is insufficient because it merely states that Mr. Mosley's claims are barred by the statute of limitations. See Torres v. TPUSA, Inc 2009 U.S. Dist. LEXIS 22033, at *2-3; Barnes v. AT&T Pension Benefit Plan, 2010 U.S. Dist. LEXIS 62515, at *2-13 (noting that with regard to defendant's statute of limitations defense, defendant "fails to provide any facts," and instead, merely "alleg[es] that the affirmative defense exists").

---

[8] "Plaintiff's claims are barred in whole or in part by the applicable Statute of Limitations."

### F. Ninth Affirmative Defense (Collective Action) should be stricken

Defendants' Ninth Affirmative Defense[9] is improper because the case is not a collective action and has not been pled as a collective action. Therefore, this affirmative defense is inapplicable.

### G. Eleventh Affirmative Defense (Unspecified Exemption) should be stricken

Defendants' Eleventh Affirmative Defense[10] is insufficient because it does not identify which provision of the FLSA Defendants are relying upon in claiming an exemption. Romero v. S. Waste Sys., LLC, 619 F. Supp. 2d 1356, 1358 (S.D. Fla. 2009) (court required Defendant to "be clear regarding the provision of the FLSA that forms the basis for the claimed exemption(s)"); See also Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005)("A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P. 8(c), must be specifically pleaded or it will be deemed waived.").

### H. Twelfth Affirmative Defense (Unspecified Exemption) should be stricken

Defendants' Twelfth Affirmative Defense[11], similar to Defendants' Eleventh Affirmative defense, fails to identify which provision of the FLSA Defendants are relying upon. Additionally, insofar as it appears to allege the professional exemption, it improperly alleges the requirements of the professional exemption and also is duplicative with Defendants' Seventh Affirmative defense.

### I. Thirteenth and Fourteenth Affirmative Defenses (Failure to State Cause of Action for Retaliation, Failure to Plead and Prove Adverse Employment Action) should be stricken

---

[9] "The Plaintiff has failed to state a cause of action for collection [sic] action relief and the same is a frivolous, baseless claim."

[10] "The Plaintiff's claims are barred in whole or in part by the fact that the employee held a position of responsibility, exercise of discretion and independent judgment and primary responsibility of management."

[11] "The Plaintiff's claims are barred in whole or in party by the fact that the employee was a learned professional who gained knowledge and skill through a combination of job experience, and technical training."

Defendants' Thirteenth[12] and Fourteenth[13] Affirmative Defenses are factually insufficient under Fed. R. Civ. Pro 8 and the cases of Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009) because they are bare-bones allegation devoid of supporting facts. For example, Defendants' Thirteenth Affirmative Defense fails to allege what defect Defendants contend exists in Plaintiff's pleading for retaliation; Defendants' Fourteenth Affirmative Defense fails to allege what defect exists in Plaintiff's pleadings pertaining to Defendants' adverse employment actions and, further, appears to be a mere denial, which is not an affirmative defense. See In re Rawson Food Service, Inc., *supra* p. 3.

### J. Defendants' Request for Attorney's Fees and Costs should be stricken

Defendants' request for attorney's fees within the "WHEREFORE" clause following Defendants' answers to Plaintiff's complaint[14] should also be stricken because the FLSA does not provide for attorneys' fees to prevailing Defendants. Perez-Nunez v. N. Broward Hosp. Dist., 08-61583-CIV, 2009 WL 723873 (S.D. Fla. Mar. 13, 2009).

WHEREFORE, Plaintiff respectfully requests that the Court strike Defendants' First, Second, Third, Fourth, Fifth, Sixth, Ninth, Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses, and Defendants' request for attorney's fees.

---

[12] "The Plaintiff fails to state a cause of action for retaliation."
[13] "The Plaintiff has failed to plead nor could he prove a claim for adverse employment action."
[14] "WHEREFORE, Defendants requests that Plaintiff takes nothing by the Complaint filed by Plaintiff, that Defendants be awarded reasonable and necessary attorney's fees incurred in defending this action brought by Plaintiff and that Defendants be granted such other and further relief that the Court may deem proper."

        Respectfully submitted,

        Koz Law, P.A.
        80 S.W. 8th Street, Suite 2000
        Miami, Florida 33130
        Phone: (786) 924-9929
        Fax:    (786) 358-6071
        Email: ekoz@kozlawfirm.com

        */s/ Elliot A. Kozolchyk*
        Elliot Kozolchyk, Esquire
        Bar No.: 74791

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on April 9, 2013 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

**SERVICE LIST**

Elissa S. Vessal
Elissa S. Vessal, Esquire, P.A.
1880 N. Congress Ave., Suite 200
Boynton Beach, Florida 33426
Phone:  561.214.4648
Fax:     561.244.8039
Email: elissa@esvlaw.com

*/s/ Elliot A. Kozolchyk*
Elliot Kozolchyk